*The Official Committee of Unsecured Creditors of Tribune Company, on behalf of Tribune Company, et al.,*

*v.*

*Dennis J. Fitzsimons, et al.*

Case No. 1:12-cv-02652 WHP

# BLACKLINE OF FOURTH AMENDED COMPLAINT AGAINST THIRD AMENDED COMPLAINT

IN THE UNITED STATES ~~BANKRUPTCY~~ DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ~~DELAWARE~~ NEW YORK

| | |
|---|---|
| ~~In re:~~ | ~~Chapter~~ |
| | Consolidated Multidistrict Action |
| IN RE:  TRIBUNE COMPANY~~, et al.,~~ FRAUDULENT | 11 MD 2296 (WHP) |
| ~~Debtors.~~ CONVEYANCE LITIGATION | ~~Cases No. 08-13141 (KJC)~~ |
| | ~~Jointly Administered~~ 12 MC 2296 |
| | (WHP) |

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE
COMPANY, on behalf of TRIBUNE COMPANY, et al.,

                                                                    Plaintiff,

                              -against-

DENNIS J. FITZSIMONS, ENRIQUE HERNANDEZ JR., BETSY D. HOLDEN,
ROBERT S. MORRISON, WILLIAM A. OSBORN, CHRISTOPHER REYES,
DUDLEY S. TAFT, MILES D. WHITE, JEFFREY CHANDLER, ROGER GOODAN,
WILLIAM STINEHART JR., CHANDLER BIGELOW, DONALD C. GRENESKO,
MARK W. HIANIK, DANIEL G. KAZAN, CRANE H. KENNEY, THOMAS D.
LEACH, LUIS E. LEWIN,  R. MARK MALLORY, RUTHELLYN MUSIL, HARRY
AMSDEN, STEPHEN D. CARVER, THOMAS S. FINKE,  ROBERT GREMILLION,
DAVID DEAN HILLER, TIMOTHY P. KNIGHT, TIMOTHY J. LANDON, RICHARD
H. MALONE, DURHAM J. MONSMA, IRVING L. QUIMBY, JOHN E. REARDON,
SCOTT C. SMITH, JOHN J. VITANOVEC, KATHLEEN M. WALTZ, DAVID D.
WILLIAMS, JOHN D. WORTHINGTON IV, CHANDLER TRUST NO. 1,
CHANDLER TRUST NO. 2, ROBERT R. McCORMICK FOUNDATION, CANTIGNY
FOUNDATION, SAMUEL ZELL, EQUITY GROUP INVESTMENTS, L.L.C., EGI-
TRB, L.L.C., SAM INVESTMENT TRUST, TOWER CH, L.L.C., TOWER DC, L.L.C.,
TOWER DL, L.L.C., TOWER EH, L.L.C., TOWER GREENSPUN DGSPT, LLC,
TOWER GREENSPUN JGGSTP, LLC, TOWER GREENSPUN SGFFT, LLC, TOWER
GREENSPUN, L.L.C., TOWER HZ, L.L.C., TOWER JB, L.L.C., TOWER JK, L.L.C.,
TOWER JP, L.L.C., TOWER JS, L.L.C., TOWER KS, L.L.C., TOWER LL, L.L.C.,
TOWER LM, L.L.C., TOWER LZ, L.L.C., TOWER MH, L.L.C., TOWER MS, L.L.C.,
TOWER MZ, L.L.C., TOWER NL, L.L.C., TOWER PH, L.L.C., TOWER PT, L.L.C.,
TOWER SF, L.L.C., TOWER TT, L.L.C., TOWER VC, L.L.C., TOWER WP, L.L.C.,
GREATBANC TRUST COMPANY, DUFF & PHELPS, LLC, VALUATION
RESEARCH CORPORATION, DOES 1-25, MORGAN STANLEY & CO. INC.,
MORGAN STANLEY CAPITAL SERVICES, INC. and the defendants listed in the
attached Exhibit A,

                              -and-

THE DFA INVESTMENT TRUST COMPANY, DFA INVESTMENT DIMENSIONS
GROUP, INC., THE ALLIANCE BERNSTEIN PORTFOLIOS, FRANK W. DENIUS,
DONALD M. HINMAN JR., LEWIS TAMAN, and WILLIAM F. WARCHOL, on
behalf of themselves and a class of similarly situated persons and legal entities, including
but not limited to those listed in the attached Exhibit A,

                                                                    Defendants.

~~Adversary Proceeding  No. 10-
54010 (KJC)~~

Case No. 1:12-cv-02652 WHP

## ~~THIRD~~FOURTH AMENDED COMPLAINT

Plaintiff, The Official Committee of Unsecured Creditors ("Plaintiff" or the

"Committee") of the debtors and debtors-in-possession in the ~~above-captioned~~ Chapter 11 cases

of Tribune Company, *et al.* (Cases No. 08-13141 (KJC)) (collectively, "Debtors"),[1] on behalf of

the Debtors' Chapter 11 estates, respectfully alleges as follows:

### NATURE OF THE ACTION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

repurchased, or redeemed by Tribune in connection with the LBO Transaction, and who

therefore were the beneficial or legal recipients of at least $1,175 in payments by Tribune,

excluding the D&O Defendants, the Subsidiary Defendants, the Large Shareholders, Zell, and

EGI-TRB.

79.      Tribune's total payments to the D&O Defendants, the Subsidiary Defendants,

the Large Shareholders, Zell, EGI-TRB, the Shareholder Defendants, ~~and the Shareholder~~

~~Class~~the Shareholder Class, the defendants listed on Exhibit A, transferees of any entity listed

on Exhibit A, and beneficial holders of accounts held in the name of any entity listed on Exhibit

A, in connection with the LBO Transaction for the purchase, repurchase, or redemption of the

approximately 243,121,164 outstanding shares of Tribune stock exceeded $8 billion (the

"Shareholder Transfers").

80.      The Committee has attached and incorporates herein Exhibit A, which is a

list of (i) known shareholders who are named defendants in this action, and who, upon

information and belief, fall within the Shareholder Class~~.~~; and (ii) other parties who, upon

information and belief, received Shareholder Transfers.  Upon information and belief, the

Shareholder Class is comprised of thousands of additional members.[2]  Accordingly, the

Shareholder Class is so numerous that joinder of all of its members is impracticable.

---

[2] As alleged herein, the Committee's claims against shareholders warrant treatment as a
defendant class action under Fed. R. Civ. P. 23.  Out of an abundance of caution, the Committee
also names as defendants and lists on Exhibit A: (i) certain banks and brokers ~~(also listed~~
~~separately on Exhibit B hereto),~~ which on information and belief received Shareholder Transfers
from Tribune as holders of Tribune shares that were purchased, repurchased, or redeemed
through the LBO Transaction, and/or as street-name holders and agents for other members of
the Shareholder Class and distributed Shareholder Transfers to such other members of the

(Cont'd on following page)

81.     There are questions of law and fact common to the Shareholder Class, which predominate over any issues that may involve individual members of the Shareholder Class, including without limitation:

(a)  Whether Tribune, by and through its officers and directors acting individually and collectively, made the Shareholder Transfers with the actual intent to hinder, delay, and defraud Tribune's creditors;

(b)  Whether Tribune received less than reasonably equivalent value in exchange for the Shareholder Transfers;

(c)  Whether Tribune was insolvent at the time of the Shareholder Transfers or became insolvent as a result of the Shareholder Transfers;

(d)  Whether, at the time of the Shareholder Transfers, Tribune was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small capital; and

---

(Cont'd from preceding page)

Shareholder Class, (ii) certain institutional investment managers (also listed on Exhibit B) that on information and belief received Shareholder Transfers as holders of Tribune shares that were purchased, repurchased, or redeemed through the LBO Transaction and/or acted as agents for clients who received Shareholder Transfers, and (iii) the Depository Trust & Clearing Corporation, Depository Trust Company and Cede & Co. (together, "DTCC," also listed on Exhibit BA), which held shares for the beneficial interest of shareholders.  To the extent that the Shareholder Class is not certified, transferees of any entity listed on Exhibit BA, and/or beneficial holders of accounts held in the name of any entity listed on Exhibit BA, who fall within the Shareholder Class and whose names will become known to the Committee through discovery, should be deemed to have been named individually as defendants in this Complaint. The Committee's identification of certain shareholders on Exhibit A is without prejudice to its prosecution of claims against the Shareholder Class under Fed. R. Civ. P. 23.

276.    Tribune has been substantially damaged as a direct and proximate result of the actions of the Chandler Trust Representatives and the Large Shareholders in aiding and abetting the breaches of fiduciary duties set forth fully herein.

277.    Accordingly, Plaintiff is entitled to judgment against the Chandler Trust Representatives and the Large Shareholders jointly and severally in an amount to be determined at trial.

## COUNT SEVEN
### (Aiding And Abetting Breach Of Fiduciary Duty
### Against The Zell Defendantsand EGI)

278.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-277 as though fully set forth herein.

279.    As officers and directors of Tribune, the D&O Defendants owed Tribune and its stockholders fiduciary duties of good faith, care and loyalty.  As Tribune was either rendered insolvent or placed in the zone of insolvency as a result of the LBO Transaction, the D&O Defendants owed fiduciary duties to all of Tribune's stakeholders, including its creditors, who were harmed due to Tribune's inability to pay them in full.

280.    The D&O Defendants, acting both individually and collectively, failed to exercise the necessary care, and breached their respective duties of good faith, care and loyalty as set forth fully herein.

281.    The Zell Defendantsand EGI knew that the D&O Defendants had the fiduciary duties alleged herein.

282.    The Zell Defendantsand EGI colluded in or aided and abetted the breaches of fiduciary duties of the D&O Defendants, and were active and knowing participants in those

breaches of fiduciary duties by, among other things, proposing and orchestrating the imprudent and inevitably ruinous LBO Transaction, and exerting undue influence over the decision-making of the D&O Defendants by enticing and inducing them to enter into the LBO Transaction by agreeing to pay them substantial financial incentives.

283.    Tribune has been substantially damaged as a direct and proximate result of the actions of ~~the~~ Zell ~~Defendants~~and EGI in aiding and abetting the breaches of fiduciary duties set forth fully herein.

284.    Accordingly, Plaintiff is entitled to judgment against ~~the~~ Zell ~~Defendants~~and EGI in an amount to be determined at trial.

## COUNT EIGHT
### (Aiding And Abetting Breach Of Fiduciary Duty Against VRC)

285.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-284 as though fully set forth herein.

286.    As officers and directors of Tribune, the D&O Defendants owed Tribune and its stockholders fiduciary duties of good faith, care and loyalty.  As Tribune was either rendered insolvent or placed in the zone of insolvency as a result of the LBO Transaction, the D&O Defendants owed fiduciary duties to all of Tribune's stakeholders, including its creditors, who were harmed due to Tribune's inability to pay them in full.

287.    The D&O Defendants, acting both individually and collectively, failed to exercise the necessary care, and breached their respective duties of good faith, care and loyalty as set forth fully herein.

288.    VRC knew that the D&O Defendants had the fiduciary duties alleged herein.

**COUNT THIRTEEN**
**(Intentional Fraudulent Transfer Against The D&O Defendants,**
**The Subsidiary Defendants, The Large Shareholders, Zell,**
**EGI-TRB, The Shareholder Defendants, ~~And The Shareholder Class~~The Shareholder**
**Class, The Defendants Listed On Exhibit A, Transferees Of Any Entity Listed On Exhibit**
**A, And Beneficial Holders Of Accounts Held In The Name Of Any Entity Listed On**
**Exhibit A)**

317.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-316 as though fully set forth herein.

318.    The Shareholder Transfers were made within two years of the Petition Date.

319.    Tribune, by and through its officers and directors acting individually and collectively, made the Shareholder Transfers with the actual intent to hinder, delay, and defraud Tribune's creditors, which intent is demonstrated by, among other things, the D&O Defendants':

      (a)    agreeing to, approving and/or facilitating the imprudent and highly leveraged LBO Transaction that rendered Tribune insolvent, and knowingly disregarding the foreseeable disastrous consequences of the LBO Transaction;

      (b)    succumbing to financial incentives and catering to external influences in facilitating and advocating for the LBO Transaction, which favored interests other than those of the company they were obligated to serve;

      (c)    willfully disregarding, and instructing VRC to disregard, the total amount of debt that would be incurred by Tribune in connection with the LBO Transaction and approving the LBO Transaction in

conscious disregard of their duties to take the aggregate debt into consideration;

(d)    knowingly failing to provide updated and reasonable financial projections to VRC in pursuit of the requisite solvency opinions;

(e)    knowingly misrepresenting to VRC that an outside financial advisor had agreed with management's unreasonable assumptions concerning the prospective ability of Tribune to refinance its debt;

(f)    knowingly failing to ensure that reliance on VRC's advice was reasonably justified under the circumstances; and

(g)    failing to exercise due care in adequately informing themselves before approving and/or facilitating the LBO Transaction and acting with inadequate or erroneous information such that their decisions were unreasonable and reckless.

320.    At the time of the Shareholder- Transfers, Tribune was insolvent or became insolvent as a result of the Shareholder Transfers.

321.    Accordingly, the Shareholder Transfers should be avoided and recovered pursuant to Bankruptcy Code sections 544(b), 548(a)(1)(A) & 550(a).

## COUNT FOURTEEN
### (Constructive And/Or Intentional Fraudulent Transfer
### Against The D&O Defendants And The Subsidiary Defendants)

322.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-321 as though fully set forth herein.

323.    The D&O Transfers were made within two years of the Petition Date.

(e)  avoiding the Shareholder Transfers, D&O Transfers, VRC Transfers, EGI-TRB Transfers, EGI Reimbursements, Morgan Stanley Advisor Fees, Count XV Transfers, Count XXXII Transfers, Count XXXIII Transfers, Count XXXIV Transfers and Potentially Fraudulent Transfers;

(f)  granting recovery of all amounts paid in connection with the Shareholder Transfers, D&O Transfers, VRC Transfers, EGI-TRB Transfers, EGI Reimbursements, Morgan Stanley Advisor Fees, Count XV Transfers, Count XXXII Transfers, Count XXXIII Transfers, Count XXXIV Transfers and Potentially Fraudulent Transfers;

(g)  awarding Plaintiff its attorneys' fees, costs and other expenses incurred in this action;

(h)  awarding Plaintiff pre-and post-judgment interest at the legal rate; and

(i)  awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated:  November 8, 2012
        New York, NY

_____

Graeme W. Bush, Esq.
James Sottile, Esq.
Andrew N. Goldfarb, Esq.
ZUCKERMAN SPAEDER LLP
1185 Avenue of the Americas, 31st Floor
New York, NY 10036
Telephone: (212) 704-9600
Facsimile: (212) 704-4256

~~Dated:~~  January 11, 2012
~~Wilmington, Delaware~~

<u>and</u>

~~LANDIS RATH & COBB LLP~~

~~/s/ James S. Green, Jr.~~

Adam G. Landis ~~(No. 3407)~~, Esq.
Daniel B. Rath ~~(No. 3022)~~, Esq.
~~Rebecca L. Butcher (No. 3816)~~
<u>Richard S. Cobb, Esq.</u>
James S. Green, Jr. ~~(No. 4406)~~., Esq.
<u>LANDIS RATH & COBB LLP</u>
919 <u>N.</u> Market Street, Suite 1800

Wilmington, ~~Delaware~~<u>DE</u> 19801

Telephone: ~~-~~(302) 467-4400

Facsimile: ~~-~~(302) 467-4450

~~and~~
~~Graeme W. Bush~~
~~James Sottile~~
~~Andrew N. Goldfarb~~
~~ZUCKERMAN SPAEDER LLP~~
~~1800 M Street, NW, Suite 1000~~
~~Washington, DC  20036~~
~~Telephone:  (202) 778-1800~~
~~Facsimile:  (202) 822-8106~~
*Counsel to the Official Committee of Unsecured Creditors*

137