UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-13
```

IN RE: TRIBUNE COMPANY FRAUDULENT
CONVEYANCE LITIGATION

Consolidated Multidistrict Action
11 MD 2296 (RJS)
12 MC 2296 (RJS)

THIS DOCUMENT RELATES TO:

ALL MATTERS

## MASTER CASE ORDER NO. 4

For the purpose of facilitating the efficient administration of these cases, including the preparation of a protocol for the future consideration of additional pre-answer motions to dismiss ("Phase Two Motions"),[1] and the Court having received submissions from Plaintiff's Liaison Counsel and Defendants' Liaison Counsel (after consultation with their Executive Committees) previously designated herein, it is ORDERED that:

**I.** *No Abandonment of Fraudulent Transfer Claims.* The Litigation Trustee, as the plaintiff in the cases remaining in this MDL ("Plaintiff" in all "MDL Actions"), intends to proceed with his fraudulent conveyance claims. The Litigation Trustee has no plan to abandon those claims, but reserves his right to do so in the future.

---

[1] Unless otherwise defined in this Order, capitalized terms use the definitions ascribed to them in Master Case Order No. 3 [Docket No. 45] ("Master Case Order No. 3"). The terms and descriptions used anywhere in this Order for cases, parties, or groups of parties shall have no substantive, evidentiary, or other legal significance, and are not intended to reflect whether any party does or does not have a valid claim or faces liability in any action.

**II.** ***Continuation of MCO 3***. Provisions of MCO 3 that are not amended or superseded by the provisions of this Order shall remain in full force and effect.

**III.** ***Procedures for Dismissal of Certain Claims and Correction of Party Information.***

      *a.*    *Notice of Purported Service and Known Representation.* Within 10 days of the entry of this Order, the Plaintiff shall file on the docket of 11 MD 2296 a list of all remaining defendants that (1) it purports to have properly served with summons and a copy of the operative complaint in the MDL Actions and (2) that it does not purport to have properly served with summons and a copy of the operative complaint in the MDL Actions. For every defendant the Plaintiff purports to have properly served, the list shall specify the Plaintiff's then-current understanding as to (a) whether the defendant is represented by counsel and (b) whether the defendant has agreed to accept service through the ECF system. Furthermore, Liaison Counsel for the Exhibit A Shareholder Defendants and Liaison Counsel for the Named Defendants shall share with Plaintiff any Defendant lists and/or contact information that they have acquired and that may be useful in effectuating service.

      *b.*    *Management of ECF Dockets.* To facilitate the efficient and effective administration of the MDL Actions, no later than five days after entry of this Order, counsel for the Plaintiff, the Liaison Counsel for the Exhibit A Shareholder Defendants, and the Liaison Counsel for the Named Defendants, or authorized representatives thereof, shall meet and confer, in consultation with the Clerk, in an effort to agree upon procedures for managing the Court's electronic case filing ("ECF") database for 11 MD 2296 and 12 CV 2652 in order to make the ECF system easily accessible and usable for all parties in the MDL Actions. In the event that the parties are unable to resolve consensually these administrative issues relating to management of the ECF, a letter on behalf of the Plaintiff, and a letter from the Liaison Counsel to the Exhibit A

Shareholder Defendants and Liaison Counsel to Named Defendants, may be submitted to the Court outlining the parties' areas of disagreement and requesting that the Court impose procedures for management of the ECF system.

      c.    *Protocol for Dismissal of Conduits.* Within 10 days of service of this Order, the Plaintiff shall cause a proposed protocol (the "Conduit Protocol") for the Plaintiff to dismiss voluntarily (without prejudice) Count One of the Fifth Amended Complaint against Shareholder Defendants that demonstrate that they were only "conduits" for Shareholder Transfers and not beneficial owners of Tribune Company shares at both Step One and Step Two (as those terms are defined in the Fifth Amended Complaint) to be transmitted to the Liaison Counsel for the Exhibit A Shareholder Defendants. No later than 14 days after transmission of the Conduit Protocol, counsel for the Plaintiff and the Liaison Counsel for the Exhibit A Shareholder Defendants, or authorized representatives thereof, shall meet and confer in an effort to agree upon and jointly submit a joint Conduit Protocol (the "Joint Conduit Protocol"). By no later than 40 days after transmission of the Conduit Protocol (the "Conduit Protocol Submission Date"), the parties shall submit the Joint Conduit Protocol to the Court for its consideration, unless the parties have been unable to agree upon a Joint Conduit Protocol, in which case a letter on behalf of the Plaintiff and a letter from the Liaison Counsel to the Exhibit A Shareholder Defendants may be submitted to the Court on the Conduit Protocol Submission Date, outlining the parties' areas of disagreement and requesting that the Court impose a Conduit Protocol.

      d.    *Protocol for Dismissal of Certain Shareholder Defendants.* Within 35 days of service of this Order, the Liaison Counsel for the Exhibit A Shareholder Defendants shall cause a proposed protocol to be transmitted to counsel for the Plaintiff (the "Dismissal Protocol") for the Plaintiff to dismiss Count One of the Fifth Amended Complaint against Shareholder Defendants

that demonstrate either that they (i) did not receive any Shareholder Transfers (as those terms are

defined in the Fifth Amended Complaint), or (ii) received an aggregate of less than $50,000 in

Shareholder Transfers.  No later than 14 days after transmission of the Dismissal Protocol,

counsel for the Plaintiff and the Liaison Counsel for the Exhibit A Shareholder Defendants, or

authorized representatives thereof, shall meet and confer in an effort to agree upon and jointly

submit a joint Dismissal Protocol (the "Joint Dismissal Protocol").  By no later than 30 days after

transmission of the Dismissal Protocol (the "Dismissal Protocol Submission Date"), the parties

shall submit the Joint Dismissal Protocol to the Court for its consideration, unless the parties

have been unable to agree upon a Joint Dismissal Protocol, in which case a letter on behalf of the

Plaintiff and a letter from the Liaison Counsel to the Exhibit A Shareholder Defendants may be

submitted to the Court on the Dismissal Protocol Submission Date, outlining the parties' areas of

disagreement and requesting that the Court impose a Dismissal Protocol.

## IV.    *Notice, Entry of Appearance, and Service as to Remaining Defendants in the* Kirschner v. FitzSimons *Action.*

a.    Within ten business days of entry of this Order, the Plaintiff shall serve notice of

entry of this Order in the form attached hereto as Exhibit 1 (the "MCO No. 4 Notice") by first

class mail to all defendants in the *Kirschner v. FitzSimons* action (the "Trust Defendants") except

those who are registered with the Court for ECF system access in the *Kirschner v. FitzSimons*

action; *provided, however,* that, where any Trust Defendant is known by the Plaintiff or its

counsel to be represented by counsel in the *Kirschner v. FitzSimons* action, Plaintiff shall attempt

in good faith to serve the MCO No. 4 Notice by ECF, email, or first-class mail only on such

Trust Defendant's counsel, and not on such individual Trust Defendant.  The Notice shall also be

filed on the ECF docket.

b.       Any Trust Defendant that receives the MCO No. 4 Notice that is being represented by counsel shall register no later than 45 days from the date of mailing of the MCO No. 4 Notice to such Trust Defendant (the "Appearance Deadline") by filing a notice of appearance on the dockets of 11 MD 2296 and 12 CV 2652 and registering with the Court for ECF system access.  Any Trust Defendant that is appearing *pro se* (*i.e.*, appearing and advocating in court on his or her own behalf without being represented by a lawyer) shall instead, prior to the Appearance Deadline, file a notice of appearance, in the form attached hereto as Exhibit 2, on the dockets of 11 MD 2296 and 12 CV 2652 stating (i) that such Trust Defendant is appearing as a *pro se* litigant, and (ii) such Trust Defendant's email address, if such Trust Defendant has email access.  Filing such a notice of appearance shall not waive any defenses or arguments, including those based on service of process, jurisdiction, personal jurisdiction, sovereign immunity, or other similar immunity defenses.  The foregoing requirement to file notices of appearance shall apply to all Trust Defendants, including both those named in the caption or in Exhibit A to the Fifth Amended Complaint, and also including any Trust Defendant who has not already filed notices of appearance on the dockets of both 11 MD 2296 and 12 CV 2652, even if such Trust Defendant has previously filed a notice of appearance on the dockets of other cases relating to the MDL Actions.

c.       The Plaintiff shall not be penalized for failing to serve any letter, motion, pleading or other document upon a Trust Defendant, except for failure of, or improper service of, the summons and complaint in which a Trust Defendant initially is named, if such Trust Defendant has failed to file his or her notice of appearance by the Appearance Deadline.  However, on the day after the Appearance Deadline, Plaintiff shall submit a letter advising the Court of the number of Trust Defendants that have failed to file a notice of appearance, and the Court may

require Plaintiff send such Trust Defendants first-class mailed notice of their failure to appropriately appear and instructions for entering an appearance.

d.     With respect to any Trust Defendant that files a notice of appearance, service of any papers permitted to be served under Federal Rule 5 or Bankruptcy Rule 7005 by the Plaintiff shall be effective if made (i) by electronic means via the ECF system, or (ii) with respect to Trust Defendants that appear *pro se*, by first class mail or, if an email address was provided, by email. Notwithstanding the foregoing, other forms of notice may be required in exigent or other appropriate circumstances.

**V.     *Motions Pursuant to MCO No. 3, Paragraph 32.*** Any Defendant that wishes to file a Rule 11 motion shall do so pursuant to the procedures and timing established for motions under the Joint Motion Protocol (as defined below).

**VI.     *Protocol for Phase Two Motions.***

a.     The Liaison Counsel for the Exhibit A Shareholder Defendants and the Liaison Counsel for the Named Defendants shall each use reasonable efforts to coordinate with the defendants named in the caption of, or exhibit to, any operative complaint in the MDL Actions (the "Defendants") in their applicable defendant groups and to identify the grounds that their respective Defendants wish to raise as a basis for dismissal in Phase Two. Within 35 days of mailing of the MCO No. 4 Notice, the Liaison Counsel for the Exhibit A Shareholder Defendants and the Liaison Counsel for the Named Defendants shall cause a Proposal to be transmitted to counsel for the Plaintiff (i) identifying in sufficient detail to address scheduling each ground the Defendants intend to raise as a basis for dismissal in a Phase Two Motion; and (ii) proposing consolidated briefing and hearing schedules for resolution of all such proposed Phase Two Motions (the "Motion Proposal").

b.     No later than 14 days after transmission of the Motion Proposal, counsel for the Plaintiff and Liaison Counsel for the Exhibit A Shareholder Defendants and the Liaison Counsel for the Named Defendants, or authorized representatives thereof, shall meet and confer in an effort to agree upon and jointly submit a proposed protocol to the Court for the briefing and argument of the proposed Phase Two Motions (the "Joint Motion Protocol").  Within 30 days after transmission of the Motion Proposal (the "Motion Protocol Submission Date"), the parties shall submit the Joint Motion Protocol to the Court for its consideration, unless the parties have been unable to agree upon a Joint Motion Protocol, in which case a letter on behalf of the Plaintiff, and separate letters from each of the Liaison Counsel to the Named Defendants and the Exhibit A Shareholder Defendants, may be submitted to the Court on the Motion Protocol Submission Date, outlining the parties' areas of disagreement and requesting that the Court impose a protocol for the briefing schedule of Phase Two Motions.

c.     All motions that can be made under the Joint Motion Protocol must be raised at this time; however. nothing herein shall affect the rights of any as-yet-unserved Defendant.

**VII.**    ***Amendment of Tag-Along Actions.***  The Plaintiff is granted leave to amend the 18 tag-along actions transferred by the United States Judicial Panel on Multidistrict Litigation to this MDL for coordinated pre-trial proceedings on May 21, 2013 [11 MD 2296 Docket No. 2532] in order to add facts and claims previously included in the *Kirschner v. FitzSimons* Fifth Amended Complaint [11 MD 2296 Docket No. 2701].  These tag-along actions, which have not been previously amended, are currently stayed pursuant to MCO 3 and Master Case Order No. 2 [11 MD 2296 Docket No. 1050]), and docketed as follows:

a.    *Marc S. Kirschner v. Brian F. Litman*, 13-CV-03736

b.    *Marc S. Kirschner v. Irene M.F. Sewell*, 13-CV-03737

c.    *Marc S. Kirschner v. Patrick Shanahan*, 13-CV-03739

7

   d.  *Marc S. Kirschner v. Gary Weitman*, 13-CV-03740

   e.  *Marc S. Kirschner v. David P. Murphy*, 13-CV-03742

   f.  *Marc S. Kirschner v. John F. Poelking*, 13-CV-03744

   g.  *Marc S. Kirschner v. Pamela S. Pearson*, 13-CV-03745

   h.  *Marc S. Kirschner v. Marc S. Schacher*, 13-CV-03747

   i.  *Marc S. Kirschner v. William P. Shaw*, 13-CV-03749

   j.  *Marc S. Kirschner v. Joseph A. Young*, 13-CV-03738

   k.  *Marc S. Kirschner v. Betty Ellen Berlamino*, 13-CV-03741

   l.  *Marc S. Kirschner v. Tom. E. Ehlmann*, 13-CV-03743

   m. *Marc S. Kirschner v. James L. Ellis*, 13-CV-03746

   n.  *Marc S. Kirschner v. Vincent R. Giannini*, 13-CV-03748

   o.  *Marc S. Kirschner v. Peter A. Knapp*, 13-CV-03750

   p.  *Marc S. Kirschner v. John R. Hendricks*, 13-CV-03751

   q.  *Marc S. Kirschner v. Vincent A. Malcom*, 13-CV-03752

   r.  *Marc S. Kirschner v. Gina M. Mazzaferri*, 13-CV-03753

Such amended pleadings shall be filed and served within 14 days of entry of this Order.  If necessary, within 14 days after submission of the Motion Proposal, the defendants in the tag-along actions may transmit to counsel for the Plaintiff any suggested modifications to the Motion Proposal, including identifying any additional grounds that they intend to raise as a basis for dismissal in a Phase Two Motion.

**VIII.**  *Answers.*  Defendants in the MDL Actions are not required to file answers until entry of a subsequent order that shall set forth the time and manner in which such answers may be required.  For the avoidance of doubt, Defendants who have filed answers may participate in

Phase Two Motions, with any such motions filed by them or in which they participate being considered motions for judgment on the pleadings as to such Defendants.

**IX.** *Initial Discovery.* No discovery in the MDL Actions shall proceed until further order of the Court, except as set forth below in this paragraph. The Litigation Trustee may immediately initiate the following formal discovery:

        a.      the discovery requested in the plaintiffs' July 26, 2012 letter to Judge Pauley, including discovery of:

        (i)      the current address of Defendants that the Plaintiff has been unable to locate and serve based upon address information previously provided;

        (ii)      the correct name and/or identity of the recipients of LBO proceeds, in instances where the Plaintiff has been informed that it has incorrectly named the recipient of such proceeds;

        (iii)      the name and/or address of a trustee, administrator, executor, or other entity or individual through whom service of a Defendant must be effectuated, in instances where the Plaintiff has been unable to serve a Defendant because the Plaintiff does not have this information; and

        (iv)      the identities of individuals or entities that received LBO proceeds from Defendants that have dissolved, liquidated, or otherwise ceased to exist since consummation of the LBO;

        b.      discovery of the precise Step One or Step Two amounts received by the customers of those entities or persons that received subpoenas issued by the Litigation Trustee's predecessor, and that had previously responded by identifying LBO transferees without providing precise Step One or Step Two amounts;

       c.       discovery to determine the dates and precise Step One and/or Step Two amounts for those defendants (other than those covered by (b) above) whose transfer amounts are listed in Exhibit A as "Date Unknown";

       d.       discovery with respect to Defendants alleged to be deceased, including estate representatives and beneficiaries;

       e.       discovery of the names and addresses of trustees of Defendant trusts or custodians of IRAs; and

       f.       discovery authorized by the Court in response to a letter request from one of the parties' liaison counsel.

<div align="center">*     *     *</div>

In addition, the Litigation Trustee may file motions to compel with respect to the discovery disputes that were identified in the Plaintiffs' July 26, 2012 letter to Judge Pauley, including such disputes with EAC Management LP and Freeman Associates Investment Management, LLC. The rights of recipients of such discovery to contest any discovery requested are reserved and are subject to the provisions of paragraph X, below.

**X.**     ***Modification of Court's Individual Practices.***  The parties will meet and confer in connection with the Joint Motion Protocol set forth in Section VI, above, regarding the application of Section 2(A) of this Court's Individual Practices to the Phase Two Motions.  With respect to discovery or other motions Plaintiff may wish to make during Phase Two, Section 2(A) shall be modified so Defendants shall have 10 business days, rather than three, to submit a letter response to any pre-motion letter submitted by the Plaintiff that deals with multiple Defendants.  Following the conclusion of the Phase Two Motions, the parties will

confer to determine whether to suggest other modifications to this Court's Individual Practices going forward.

**XI.**   *Status Conferences.*  If necessary, the Court shall schedule a status conference concerning the parties' proposed protocols.

Dated:  November 20, 2013
New York, New York

RICHARD J. SULLIVAN
United States District Judge

Notice of Master Case Order No. 4

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action<br>11 MD 2296 (RJS)<br>12 MC 2296 (RJS) |
| THIS DOCUMENT RELATES TO:<br><br>ALL MATTERS | |

## NOTICE OF MASTER CASE ORDER NO. 4
## AND REQUIREMENT OF DEFENDANTS TO ENTER APPEARANCE

      PLEASE TAKE NOTICE that, on [xx,xxxx], the Court entered the attached Master Case Order No. 4 ("MCO 4") in *Kirschner v. FitzSimons, et al.*, (the "FitzSimons Action") to govern the upcoming proceedings. <u>As a result, Defendants in the FitzSimons Action ("Defendant", "Defendants" or "you") should be aware that you may be required to take action at this time.</u>

      1) *Notices of Appearance*: Any Defendant who receives this Notice of MCO 4 must file a notice of appearance **not later than** _____**, 2013** (the "Appearance Deadline").

- *Defendants with Counsel.* If a Defendant is represented by counsel, counsel for such Defendant must file a notice of appearance on the dockets of 11 MD 2296 and 12 CV 2652 and register with the Court for ECF system access by the Appearance Deadline.
- *Defendants without Counsel.* Any Defendant who is appearing *pro se* (*i.e.*, appearing on his or her own behalf without being represented by a lawyer) must instead, prior to the Appearance Deadline, file a notice of appearance by submitting the form of Notice of Pro Se Appearance included as <u>Exhibit A</u> to this Notice. Any such Defendant who has an email address must supply that email address in the space provided on Exhibit A. The Form must be mailed, to arrive not later than _____, 2013 [same date as above], to the following address:

<div align="center">

United States District Court
of the Southern District of New York
Pro Se Office
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 200
New York, New York 10007
</div>

Faxes and emails may not be acceptable forms of delivery.

- Filing a notice of appearance shall not waive any defenses or arguments, including those based on service of process, jurisdiction, personal jurisdiction, sovereign immunity, or other similar immunity defenses. The requirement to file notices of appearance shall apply to all Defendants, including any Defendant that has previously filed a notice of appearance on the dockets of other cases (such as the so-called bondholder or retiree actions) included in the *In re Tribune Company Fraudulent Conveyance* Multi-District Litigation ("MDL"); provided, however, that if a Defendant already filed notice of appearance in both the MDL docket (11 MD 2296) and the FitzSimons Action (12 CV 2652) no new appearance for such Defendant need be filed.

2) ***Protocol for Phase Two Motions to Dismiss***:  In the upcoming stage of the FitzSimons Action, Defendants will be filing certain pre-answer motions to dismiss ("Phase Two Motions"), pursuant to paragraph VI of MCO 4. During the next 35 days, Defendants' Liaison Counsel are required to submit a proposal to Plaintiff for the coordination of the Phase Two Motions.  That proposal will identify the defenses that Defendants wish to raise as a basis for dismissal from the FitzSimons Action.

- Defendants should contact Ropes & Gray LLP, Liaison Counsel for the Exhibit A Shareholder Defendants, at TribuneCommitteeActionLC@ropesgray.com, regarding any motions to dismiss that a Defendant would like to assert.
- Liaison Counsel will share the proposal with Defendants who have entered notices of appearance, and undertake reasonable efforts to receive comments.  Note that Liaison Counsel is not counsel to each Defendant, and is not under any obligation to advocate any particular Defendant's views on the proposal, or the FitzSimons Action generally.

3) ***Other Dispositive Motions***:  Potential motions to dismiss that could be filed now but that are not included in the Phase Two Motions will be prohibited, pursuant to paragraph VI(c) of the MCO 4.

4) ***No Answers Required***:  Defendants are not required to file answers until the entry of a subsequent order that will set forth the time and manner in which answers may be required, pursuant to paragraph VIII of MCO 4.  For the avoidance of doubt, Defendants that have already filed answers may participate in Phase Two Motions, with any such motions filed by them or in which they participate being considered motions for judgment on the pleadings, pursuant to paragraph VIII of MCO 4.

5) ***Discovery***:  Certain initial discovery is permitted, pursuant to paragraph IX of MCO 4.  No other discovery in the case shall proceed until further order of the Court.

6) ***Motion Practice.***  Due to the large number of defendants, the Court's individual rules of practice have been modified.  Defendants are encouraged to contact Defense Liaison Counsel prior to filing of motions to prevent confusion in scheduling of matters.

7) ***Master Case Order No. 3***:  Provisions of Master Case Order No. 3 that are not amended or superseded by the provisions MCO 4 remain in full force and effect.


ROBBINS, RUSSELL, ENGLERT,                     ROPES & GRAY LLP
ORSECK, UNTEREINER & SAUBER LLP


By:  /s/  Michael L. Waldman_____       By:___/s/  D. Ross Martin_____
      Michael L. Waldman                                    D. Ross Martin
*Liaison Counsel to the Litigation Trustee in*        *Liaison Counsel to the Exhibit A Shareholder*
*Kirschner v. FitzSimons, et al.*                          *Defendants in Kirschner v. FitzSimons, et al*

Dated: ___, 2013

EXHIBIT 2

Form of Notice of Appearance for Pro Se Trust Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action<br>11 MD 2296 (RJS) |
| THIS DOCUMENT RELATES TO:<br><br>*Kirschner v. FitzSimons* | 12 CV 2652 (RJS) |

## NOTICE OF PRO SE APPEARANCE

I, _____, a Defendant in the above captioned matter, hereby enter my appearance as a *pro se* party. I understand that if I have an email address, I must supply it in the space provided below. I further understand that I am responsible for notifying the Court and plaintiff in this case of any changes to my mailing address and email address as well as any change in my status should I obtain representation by an attorney in the future. I understand that, although information may be provided to me from time to time by Liaison Counsel and other attorneys who represent members of one or more executive committees in this case, these attorneys do not represent me and these communications will not create an attorney-client relationship.

All court papers may be served upon me by first class mail or email at the addresses shown below. I also understand that I am responsible for serving upon the plaintiff and all parties who appear in this action a copy of every paper which I file.

My Mailing Address is:

_____  _____

_____  _____

_____  _____

My Email address (if applicable) is:

_____  _____

_____          _____
Signature                Date