**Alan E. Golomb, ESQ., Attorney and Counsellor at Law**
492 Bardini Drive, Melville, New York 11747, (516) 509-0509, aandp492@aol/com

April 22, 2019

**VIA ECF**

Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    In re: Tribune Co. Fraudulent Conveyance Litigation
               No. 11-md-2296 (DLC)

Dear Judge Cote:

      I represent Opportunity Partners, L.P., which was a public (non-insider) shareholder of The Tribune Co. (the debtor) and a defendant in the referenced action.

      Prompted by your order of April 10, 2019 directing the Exhibit A Shareholders Executive Committee to respond to a *pro se* defendant's complaints about the perceived unfairness to the public shareholder defendants in this case and the Committee's unhelpful response, we hereby submit this letter with the goal of aborting this vexatious claim by speculators in distressed debt against thousands of public shareholders of The Tribune, many of whom do not even know why they were sued. Specifically, many public shareholders of The Tribune have incurred legal expenses and/or settled under mental or economic duress. A 2011 news story entitled "Tribune Co. bankruptcy case haunting former shareholders" (http://www.chicagotribune.com/business/ct-biz-1127-tribune-stockholders-this-one-20111127-story.html) details how thousands of stockholders of The Tribune who "had nothing to do with the company [and] simply bought the stock on the open market" became defendants in this Kafkaesque clawback lawsuit. As one investor quoted in that news story put it, "What seems grossly unfair is there doesn't seem to be any adult supervision looking out for the average investor...." Sadly, that lack of "adult supervision" has persisted to this day, so that this case arguably surpasses the absurdity of Charles Dickens' *Jarndyce v Jarndyce*.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure[1], we contend that neither this Court (or the Circuit Court above) has subject matter jurisdiction with respect to the public shareholders because the plaintiff Trustee lacks Article III standing to sue them.[2]

Whether a court has subject matter jurisdiction is so fundamental to the exercise of judicial power that it is a "question the court is bound to ask and answer for itself, even when not otherwise suggested...." *Mansfield, Coldwater & Lake Michigan Rwy. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1883). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231 (1990)) (internal quotation marks omitted). This "special obligation [of every federal court] to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review' [is not waived] even though the parties are prepared to concede it." *FW/PBS, supra,* at 231 (internal citations omitted). In addition, the burden of alleging and proving that a federal court has subject matter jurisdiction over an action rests with the party attempting to invoke its jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942).

Although this Court and the Circuit Court previously considered whether the Trustee has *statutory* standing to pursue a fraudulent conveyance claim against the public shareholders, neither court considered whether the Trustee has *constitutional* (Article III) standing to do so. To establish Article III standing, a plaintiff must allege (and ultimately prove): (1) injury in fact, i.e., an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the challenged conduct, i.e., that the injury can fairly be traced to the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Notably, in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), the Supreme Court held that "a plaintiff [does not automatically satisfy the standing requirements of Article III] whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." To the contrary, a plaintiff must allege (and ultimately prove) that a defendant engaged in misconduct.

"In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury **as a result of the putatively illegal conduct of the defendant**."

---

[1] Prior to 2007, Rule 12(h)(3) read as follows: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In 2007, the rule was amended to read: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." With respect to that amendment, a committee note states: "The language of rule 12 has been amended as part of the general restyling of the civil rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Notably, Rule 12(h)(3) does not place any limitation on when the Court's subject matter jurisdiction may be questioned or who may question it.

[2]

(emphasis supplied.) *Gladstone, Realtors v. Village of Bellwood*, 441 US 91(1979). Thus, as a threshold matter, a plaintiff must credibly allege that its asserted injury would not have occurred but for the defendant (1) doing something it should not have done, or (2) not doing something it should have done.[3]

Not only has the Trustee failed to assert that the public shareholders caused him (or the debtor) to incur an injury in fact, it is indisputable that the public shareholders of Tribune could have done nothing to prevent it. As Judge Sullivan noted in his opinion and order of January 17, 2017 dismissing the Trustee's claim of actual fraud, "[the public shareholders of Tribune are] alleged to have done nothing more than receive payment for their shares in an LBO...." Since the Trustee's asserted injury would have occurred regardless of any action (or lack of action) by the public shareholders, they cannot have been deemed to have caused it.

In sum, to establish the Trustee's Article III standing, he is preliminarily required to allege some wrongful action or inaction by the public shareholders, without which his (or the debtor's) injury would not have occurred. Yet, he has not, and cannot, credibly make such an allegation and therefore he lacks Article III standing to sue the public shareholders in any federal court. Consequently, Rule 12(h)(3) requires this Court to *sua sponte* dismiss his action against the public shareholders of Tribune.

Sincerely yours,

Alan E. Golomb, ESQ.
(AG 4223)

---

[3] More generally, it is axiomatic that an injury cannot be fairly traceable to a defendant if the injury was not reasonably foreseeable, i.e., if there is nothing a reasonable similarly situated defendant could have done to prevent the injury.